IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael David Sebba,<br><br>              Petitioner,<br><br>v.<br><br>Charles L. Ryan,<br><br>              Respondent. | No. CV-13-2438-PHX-JJT (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JOHN J. TUCHI, UNITED STATES DISTRICT JUDGE:

      Michael David Sebba filed a Petition for a Writ of Habeas Corpus on November 27, 2013, challenging his convictions and sentences in Maricopa County Superior Court for stalking and aggravated harassment. Respondent contends that the arguments raised in the Petition are unexhausted and procedurally barred. For the reasons below, the Court recommends that Sebba's Petition be denied and dismissed with prejudice.

## BACKGROUND

      At the conclusion of a four-day trial in Maricopa County Superior Court, a jury found Sebba guilty of one count of stalking and one count of aggravated harassment, both class five felonies. (Doc. 9, Ex. J) The jury further found that Sebba had been on pretrial release for the crime of stalking at the time that he committed the crime of aggravated harassment. (*Id.*) Finally, the jury found unanimously that the aggravated circumstance of causing physical, emotional, or financial harm to the victim had been proven beyond a reasonable doubt. (*Id.*)

Sebba moved for a new trial. (Doc. 9, Ex. K) After the motion was fully briefed, the Superior Court denied it and sentenced Sebba to two years of prison to be followed by a term of community supervision.[1] (Doc. 9, Exs. N, O)

On appeal to the Arizona Court of Appeals, Sebba argued that the trial court (1) abused its discretion by refusing to give his requested jury instruction on the aggravated harassment charge, (2) should not have denied his motions for judgements of acquittal under Arizona Rule of Criminal Procedure 20, (3) abused its discretion by admitting a piece of evidence, (4) abused its discretion in denying his request for a special verdict form on the aggravated harassment charge, and (5) abused its discretion by failing to adopt his requested jury instruction on emotional or financial harm. (Doc. 9, Ex. P) After the appeal was fully briefed, the Court of Appeals affirmed Sebba's convictions and sentences. (Doc. 9, Exs. Q, R, S) Sebba petitioned the Arizona Supreme Court to review his argument that the jury should have received a different instruction on the aggravated harassment charge. (Doc. 9, Ex. T) The Arizona Supreme Court denied his petition. (Doc. 9, Exs. U, V)

Sebba's petition to the United States Supreme Court for certiorari raised two arguments. (Doc. 9, Ex. W). He first argued that Arizona's harassment statutes, as applied to Sebba, in combination with an overly broad injunction, constituted an unlawful prior restraint. (*Id.*) Next, he argued that these harassment statutes and Sebba's protective order, as applied, were impermissibly overbroad and vague. (*Id.*) The U.S. Supreme Court denied his petition. (Doc. 9, Exs. W, X, Y) Sebba did not file for post-conviction relief. (Doc. 1 at 2)

Sebba timely filed a petition for writ of habeas corpus in this Court, arguing, as he did in his petition for certiorari, that he was subject to an unlawful prior restraint on his speech and that the injunction against harassment was impermissibly vague. (Doc. 1) Respondent argues that these arguments were not fairly presented to the Arizona courts

---

[1] Although Sebba has completed his regular term, he has not completed his term of community supervision, and he is subject to an immigration detainer. (Doc. 16)

1  and are now procedurally barred. (Doc. 9)  In his traverse, Sebba claims that his
2  argument to the Arizona Court of Appeals about the aggravated harassment jury
3  instruction is "inextricably intertwined with federal law" and that no procedural bar exists
4  "because Arizona appellate courts have routinely permitted appellants to raise First
5  Amendment constitutional and vagueness/overbreadth arguments for the first time on
6  appeal." (Doc. 12 at 2:20-21 and 5:4-6)  The Court agrees that Sebba's arguments were
7  not exhausted and are now subject to a procedural bar.

## EXHAUSTION OF REMEDIES & PROCEDURAL DEFAULT

Exhaustion of Remedies.  A state prisoner must properly exhaust all state court remedies before this Court can grant an application for a writ of habeas corpus.  28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  Arizona prisoners properly exhaust state remedies by fairly presenting claims to the Arizona Court of Appeals in a procedurally appropriate manner.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 843-45 (1999); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).  To be fairly presented, a claim must include a statement of the operative facts and the specific federal legal theory.  *Baldwin v. Reese*, 541 U.S. 27, 32-33 (2004); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Duncan*, 513 U.S. at 365-66.

Procedural Default.  A claim can also be subject to an express or implied procedural bar.  *Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010).  An express procedural bar exists if the state court denies or dismisses a claim based on a procedural bar "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision."  *Harris v. Reed*, 489 U.S. 255, 260 (1989).  *Stewart v. Smith*, 536 U.S. 856, 860 (2002) (Arizona's "Rule 32.2(a)(3) determinations are independent of federal law because they do not depend upon a federal constitutional ruling on the merits"); *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) ("adequate" grounds exist when a state strictly or regularly follows its procedural rule).  *See also Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Robinson*, 595 F.3d at 1100.

An implied procedural bar exists if a claim was not fairly presented in state court and no state remedies remain available to the petitioner. *Teague v. Lane*, 489 U.S. 288, 298-99 (1989); *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *Poland v. Stewart*, 169 F.3d 573, 586 (9th Cir. 1999); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

This Court can review a procedurally defaulted claim if the petitioner can demonstrate either cause for the default and actual prejudice to excuse the default, or a miscarriage of justice. *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

**SEBBA'S CLAIMS ARE BARRED**

Sebba did not exhaust either of the claims in his habeas petition and an implied procedural bar now exists to prevent him from doing so. Accordingly, the Court cannot review his claims.

Sebba claims that he presented both grounds in his Petition to the Arizona Court of Appeals and so he has met the exhaustion requirement. (Doc. 1 at ¶¶ 14, 18) However, the Arizona Court of Appeals did not reach the merits of either argument. Instead, it had noted that Sebba "raise[d] additional arguments in his reply brief that interpreting [Arizona's harassment statute] to criminalize communications with a third party not specifically named in the underlying injunction would render the statute unconstitutionally overbroad and vague as applied and an invalid prior restraint on free speech." (Doc. 9, Ex. S at ¶ 19) It declined to address the merits of either argument, concluding that "[b]ecause the arguments were not raised in his opening brief, they are waived."[2] (*Id.*)

---

[2] In a footnote, the Arizona Court of Appeals pointed out that the merits of Sebba's First Amendment arguments had been addressed (and rejected) in *State v. Brown*, 85 P.3d 109, 114 (Ariz. App. 2004). This does not mean that the Court reached the merits of Sebba's argument. *See Harris v. Reed*, 489 U.S. 255, 264, n. 10 (1989).

Because the Arizona Court of Appeals concluded that these arguments were waived, they were not fairly presented for purposes of habeas review by this Court. *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) ("Submitting a new claim to the [Arizona Court of Appeals] in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation.") (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). Thus, his claims were not properly exhausted.

In addition, Sebba's claims are now subject to an implied procedural bar because his claims were not fairly presented in state court and no state remedies remain available to him. Because his claims were waived on appeal, Sebba is precluded from post-conviction relief under Arizona Rule of Criminal Procedure 32.2(a)(3). In addition, he is now time-barred from initiating post-conviction relief under Arizona Rule of Criminal Procedure 32.4(a). *See Coleman v. Thompson*, 501 U.S. 722, 735, n. 1 (1991).

Finally, Sebba has not demonstrated either cause for the default and actual prejudice to excuse the default, or a miscarriage of justice. Accordingly, the Court cannot reach the merits of the arguments in his Petition.

**IT IS THEREFORE RECOMMENDED** that Michael David Sebba's petition for writ of habeas corpus be **denied and dismissed with prejudice.**

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter,

the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 29th day of May, 2015.

David K. Duncan
United States Magistrate Judge