NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael David Sebba,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Charles L. Ryan,<br><br>　　　　　Respondent. | No. CV-13-02438-PHX-JJT<br><br>**ORDER** |

At issue is Petitioner Michael David Sebba's Petition for Writ of Habeas Corpus (Doc. 1), filed November 27, 2013. Magistrate Judge David K. Duncan issued a Report and Recommendation ("R&R") in the matter on May 29, 2015 (Doc. 18), to which Petitioner filed an Objection on August 14, 2015 (Doc. 24). For the reasons set forth in the R&R, this Court will deny the Petition.

In the R&R, Judge Duncan thoroughly and correctly analyzed the issues involved in the instant Petition, and because this Court will adopt the recommendations set forth in the R&R as well as the reasoning behind those recommendations, it will not restate those issues or their resolution here in detail. The Petition presents two grounds for relief that Judge Duncan correctly found were not fairly presented to the Arizona Court of Appeals for purposes of the exhaustion requirement of 28 U.S.C. § 2254(b)(1). Specifically, Judge Duncan concluded that Petitioner did not raise in his opening brief or attached materials before the Arizona Court of Appeals the federal Constitutional issues he now raises in his habeas petition. Judge Duncan found that if Petitioner raised the instant issues at all in his

state court direct appeal, he did so only in his reply brief, which is insufficient for fair presentation under Section 2254 and constitutes waiver.

In his Objections to the R&R, Petitioner strenuously argues that he has fairly presented both arguments to the state courts under the following alternative rationales: 1) he raised the instant issues to the state trial court in his motion for new trial; 2) he raised the instant issues to the Arizona Supreme Court after the Arizona Court of Appeals affirmed his convictions on direct appeal; and 3) he raised the instant issues to the Arizona Court of Appeals itself, as evidenced by that court's "address[ing] petitioner's constitutional claims on the merits." (Doc. 24 at 9). These arguments all miss the mark.

First, assuming *arguendo* that Petitioner did in fact present the arguments now raised on habeas to the state trial court, he has only satisfied half of the fair presentation requirement. Fair presentation must take place at both the trial court level and in the appropriate state appellate court, which in Arizona is the Court of Appeals. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004). It is also for this reason that whether Petitioner presented his arguments to the Supreme Court of Arizona is a moot issue. Unless Petitioner presented his arguments on habeas first to the Arizona Court of Appeals, he has not exhausted his claims.

Second, Petitioner is simply wrong in arguing that the Arizona Court of Appeals considered his federal constitutional claim as raised in the instant Petition. The Court of Appeals explicitly stated:

> Sebba also raises additional arguments in his reply brief that interpreting A.R.S. § 13–2921(A)(1) to criminalize communications with a third party not specifically named in the underlying injunction would render the statute unconstitutionally overbroad and vague as applied and an invalid prior restraint on free speech. *Because the arguments were not raised in his opening brief, they are waived.*

(Doc. 9 Ex. S at 13)(internal citations omitted)(emphasis added). This is as clear a statement as the Arizona Court of Appeals can make that it did not reach or address Petitioner's claim because the claim was not properly before it. Petitioner notes that, in a

footnote to the above paragraph, the Court of Appeals mentions that his First Amendment arguments were addressed in a previous opinion from that court. From this footnote, Petitioner argues that the Arizona Court of Appeals did in fact address his precise federal constitutional claims. This is incorrect. As Respondent notes in its brief, the footnote constitutes no more than a comment on the merits of Petitioner's claim, and does not "cure the above default, because the court already had rejected the claim as waived." (Doc. 9 at 21 n.13). This is precisely the point of *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989). The Supreme Court held in *Harris* that:

> [a] state court need not fear reaching the merits of a federal claim in an alternative holding. By its very definition, the adequate and independent state grounds doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's holding, even when the state court also relies on federal law.

*Id.* In other words, a state court procedural ruling—such as an appellate rule precluding legal arguments from being raised beyond the opening brief—constitutes adequate and independent state grounds for a state court's rejection of a petitioner's claim, and that claim is procedurally barred, rendering any consideration of it moot.

Finally, to the extent that Petitioner argues that he did in fact raise the instant issues in his opening appellate brief or related documents before the Arizona Court of Appeals, this Court disagrees. The Court has thoroughly reviewed Petitioner's opening brief on direct appeal, and while the brief may have made mention of First Amendment and Constitutional rights, it did not raise the instant arguments. He did not argue that interpreting the harassment statute to criminalize communications with a third-party not specifically named in the underlying injunction would render the statute unconstitutionally overbroad and vague as applied or an invalid restraint on free speech, or anything similar to that, in his opening brief. That argument did not emerge until the reply brief, and by that point, as the Arizona Court of Appeals observed, it was too late. *See, e.g., State v. Brown*, 310 P.3d 29, 38 (Ariz. Ct. App. 2013). All Petitioner argued in his opening brief was whether the state court ruling in *LaFaro v. Cahill*, 56 P.3d 56 (Ariz.

Ct. App. 2002), should be extended to criminal matters. That is a fundamentally different legal issue than those he raises in the instant Petition. For all these reasons, the Court respectfully rejects Petitioner's objections to Judge Duncan's R&R.

**IT IS ORDERED** adopting Magistrate Judge Duncan's R&R (Doc. 18) in its entirety and incorporating same into this Order.

**IT IS FURTHER ORDERED** denying the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and dismissing this matter with prejudice.

**IT IS FURTHER ORDERED** denying a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal in this matter because the dismissal of the instant Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

Dated this 20th day of October, 2015.

Honorable John J. Tuchi
United States District Judge